UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LISA NUNEZ** | : | **DOCKET NO. 17-cv-1322** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **U.S. XPRESS LEASING, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

This matter comes before the court on a Motion to Remand filed by the plaintiff, Lisa Nunez. Doc. 13. Through this motion plaintiff also seeks an award of costs and attorney fees. *Id.* The motion is opposed by the defendants. Doc. 16.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and that the request for costs and attorney fees be **DENIED.**

### I.
#### BACKGROUND

On January 26, 2016, Nunez filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against four defendants: U.S. Xpress Leasing, Inc. ("Xpress"); Total Transportation of Mississippi, LLC ("Total"); Wallace Dalton Graham ("Graham"); and Mountain Lake Risk Retention Group, Inc. ("Mountain Lake"). Doc. 2, p. 4. She seeks damages arising from an automobile accident that occurred on October 20, 2015. *Id.* Defendants removed the case to this court on October 16, 2017, on the basis of diversity jurisdiction. *See* doc. 1, pp. 4–6. Nunez now seeks remand on grounds that removal was untimely because defendants failed to remove until twenty-one months after she filed suit in violation of the one-year limit on removal under 28 U.S.C.

§ 1446(c).  Doc. 13, att. 1, p. 1; Doc. 17, p. 1.  She also demands an award of attorney fees and costs associated with removal.  Doc. 13, att. 1, p. 5.

Defendants assert that they timely removed because, among other reasons, Mountain Lake was never served with the original or amended petition prior to removal.  Doc. 1, pp. 4–5; Doc. 16, p. 7.  They also contend that Nunez should not be awarded attorney fees and costs because they had objectively reasonable grounds for removal.  Doc. 16, pp. 14–15.

Here, neither diversity nor the amount in controversy is disputed.  *See* Doc. 1, pp. 4–6; doc. 13, att. 1, p. 2.  Thus, we are left to consider only the timeliness of defendants' removal, whether plaintiff waived her right to seek remand, and whether plaintiff should be awarded attorney fees and costs associated with the removal.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, a defendant must file a notice of removal within thirty days from the time that it receives an "initial pleading setting forth the claim for relief … ."  28 U.S.C. § 1446(b)(1).  "[A] defendant's right to removal runs from the date on which it is formally served with process."  *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1325 (1999)). "[T]he Fifth Circuit has found that the deadlines set forth in 28 U.S.C. § 1446 do not limit a defendant's ability to remove a case before" it has been served with the complaint. *Griffin v. Liberty Mut. Ins. Co.*, 2015 WL 1132745, at *3 (W.D. La. 2015) (citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000)). A previously-served defendant may join the removal of an unserved codefendant "without rendering the removal untimely, even if" service on the previously-served defendant occurred more than thirty days prior to removal. *Perez v. Bank of Am., N.A.*, 2013 WL 5970405, at *3 (W.D. Tex. 2013) (citing *Moore v. Svehlak*, 2013 WL 3683838, at *15–16 (D. Md. 2013); *Wagner v. Campbell*, 2013 WL 2250277, at *1–3 (D. Neb. 2013); *Delgado*, 231 F.3d at 177).

In this case, Mountain Lake asserts that it was never served with either the original or amended petition. Plaintiff has not disputed that assertion and the state court record [doc. 2] does not show that service of either petition was made on Mountain Lake. Thus, the thirty-day removal period never began to run against it. Because it was never served, Mountain Lake was able to remove under 28 U.S.C. § 1446(b) and the other defendants were eligible to join in the removal. Therefore, defendants timely removed the suit and plaintiff's motion to remand should be denied.

Because we decide that the removal was procedurally proper under 28 U.S.C. § 1446(b) we need not reach the other arguments raised by the parties. For the same reasons that we decide removal was timely, plaintiff's request for attorney fees and costs should also be denied.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Motion to Remand is hereby **DENIED** and that her request for attorney fees and costs is hereby **DENIED**. Doc. 13.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 22nd day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE