UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LISA NUNEZ | CIVIL ACTION NO.: 2:17-1322 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| U.S. XPRESS LEASING, INC., ET AL. | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge [Record Document 18] on Plaintiff's Motion to Remand [Record Document 13]. Having considered the Magistrate's report, Plaintiff's Objections [Record Document 19], and Defendants' Response [Record Document 20], the Court concurs with the Magistrate's findings under the applicable law and accordingly **ADOPTS** the Report and Recommendation [Record Document 18].

The Court writes to clarify a point raised by Plaintiff but not addressed by the Magistrate Judge. Plaintiff argues that removal is untimely under 28 U.S.C. § 1446(c)(1). [Record Document 19 at 1]. Under the removal statute, a case that is not initially removable may be removed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012). When a federal court will sit in diversity, removal under this provision must be made "not . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1). Plaintiff argues that removal is untimely because Defendants filed the notice of removal more than one year

after this action commenced. [Record Document 19 at 2].

Although the Fifth Circuit has not definitely decided the matter, persuasive authority counsels that state law determines when an action has commenced for purposes of ascertaining the timeliness of a notice of removal based on the receipt of a paper indicating the existence of grounds for removal. 14C Charles Alan Wright, et al. *Federal Practice and Procedure* § 3731 (4th ed. 2009) ("For purposes of this limitation, commencement is determined under state law."); *Gore v. Robertson*, No. 14-00749-BAJ-RLB, 2015 WL 5749459, at *2 (M.D. La. Sept. 30, 2015) ("A state's own rules of procedure govern when an action is 'commenced' in state court."); *Glaze v. Ahmad*, 954 F. Supp. 137, 140 (W.D. La. 1996) ("In the Fifth Circuit, district courts have . . . appl[ied] state law to determine when an action has been commenced for purpose of removal under 28 U.S.C. § 1446(b)."); *cf. Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006) (holding that this rule applies to removal under the Class Action Fairness Act).[1] In light of this authority, the Court believes that for purposes of removal on the basis of diversity jurisdiction, the date that an action commences is determined by state law. Under Louisiana law, an action is "commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." La. Code Civ. Proc. Ann. art. 421 (2011). Because Plaintiff filed her state court

---

[1] The Court acknowledges that some authority reaches the opposite conclusion. *See, e.g., Klotz v. La. Citizens Prop. Ins. Corp.*, No. CV 17-3776, 2017 WL 5899248, at *8 (E.D. La. Nov. 30, 2017) (citing *Robinson v. Gen. Motors Corp.*, 601 F. Supp. 2d 833, 837 (N.D. Tex. 2008)). However, this authority fails to persuade because it concerns distinguishable factual scenarios. *See Klotz*, 2017 WL 5899248, at *8 (rejecting state law principles when determining whether a separate petition filed in the same lawsuit commenced a new action for removal purposes); *Robinson*, 601 F. Supp. 2d at 837 (rejecting Texas rule deeming a pleading filed when mailed in favor of rule that an action commences for removal purposes when the pleading is stamped as filed by the clerk's office).

petition on January 26, 2016, this action commenced on that date. Defendants filed their notice of removal on October 16, 2017, significantly more than one year later. [Record Document 1 at 2, 7]. Therefore, if § 1446(c)(1) applies, Defendants' notice of removal is untimely.[2]

Section 1446(c)(1) applies only to removal of an action in which the "case stated in the initial pleading is not removable." 28 U.S.C. § 1446(b)(3), (c)(1). The Fifth Circuit interpreted the one-year time limit in the predecessor to § 1446(c)(1) to apply only to removal of an initially nonremovable case. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000).

As the Magistrate Judge correctly found, Defendant Mountain Lake Risk Retention Group, Inc. ("Mountain Lake") removed the action pursuant to 28 U.S.C. § 1446(b)(1). [Record Document 18 at 3]. Under this provision, a defendant may remove an action within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b)(1). The Fifth Circuit has held that this provision also allows an unserved defendant to remove a commenced action prior to being served. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). The instant action commenced when Plaintiff filed her petition in state court in January 2016, but Plaintiff never served Mountain Lake. Under *Delgado*, Mountain Lake could thus remove the action at any time. Because removal in this case occurred pursuant to the right of removal in advance of service, 28 U.S.C. § 1446(b)(1); *Delgado*, 231 F.3d at 177, and not the right of removal following receipt of a document indicating the existence of grounds for removal, *id.* § 1446(b)(3), the one-year time bar in § 1446(c)(1) does not apply. This Court may properly exercise removal jurisdiction.

---

[2] Because the Court concludes that § 1446(c)(1) does not apply, the Court does not address Defendants' alternative argument that removal is timely because Plaintiff allegedly concealed the amount of her damages in bad faith. [Record Document 20 at 4–8].

3

Because Mountain Lake's notice of removal was timely, **IT IS ORDERED** that Plaintiff's Motion to Remand and for Attorney Fees [Record Document 13] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are **REFERRED** to the Magistrate Judge for entry of a scheduling order.

**IT IS FURTHER ORDERED** that this matter is hereby **REASSIGNED** to the Unassigned District Judge.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14 day of June, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE